KENDRICK ET AL., APPELLANTS, v. OHIO CASUALTY INS. CO.
ET AL., APPELLEES.

(No. 352—Decided March 2, 1970.)

*Mr. Mark Clark* and *Mr. Cedric A. Stanley*, for appellants Herschel R. Kendrick, Paul Paxson, Carl Gregory and Grace McIntire.

*Mr. Franklin G. Krehbiel*, for appellant James F. Woods.

*Messrs. Fitton, Pierce, Baden & Wynn* and *Mr. Paul Baden*, for appellee Ohio Casualty Insurance Company.

*Mr. John Zopff*, for appellee Frank Foster.

HESS, J. This is an appeal from a summary judgment entered in favor of the defendants, appellees herein, by the Court of Common Pleas of Warren County. Herein the Ohio Casualty Insurance Company will be referred to as Insurance Company.

Originally, this action was filed by Herschel R. Kendrick, as sole plaintiff, against the Insurance Company, as sole defendant, in which the plaintiff sought a declaratory judgment determining the rights of the parties under a contract or policy of insurance issued by the Insurance Company to the plaintiff who operated a storage warehouse in Warren County. A copy of the policy, dated November 12, 1964, and effective for three years, was attached to the petition. The petition alleged windstorm damage to the warehouse building and contents in storage on July

13, 1966, demand made upon the Insurance Company, and denial by the Insurance Company for damages to property held in storage.

The defendant filed a demurrer to that petition on grounds of defect of parties plaintiff and failure to state a cause of action. On March 8, 1967, the court heard the demurrer and orally ruled in favor of defendant. No entry was journalized in keeping with the announcement of the court on the demurrer.

On January 26, 1968, the plaintiff joined with Paul Paxson, James F. Woods, Carl Gregory and Grace McIntire as plaintiffs and filed an amended petition against the Insurance Company, John Glackin, administrator of the estate of Everett Glackin, deceased, Robert Gray and Frank Foster, as defendants. The amended petition alleges:

"That on or about the 12th day of November, 1964, the plaintiff, Herschel Kendrick, purchased a policy of insurance from the defendant, Ohio Casualty Insurance Company; said policy of insurance to be effective from the 12th day of November, 1964, to the 12th day of November, 1967. Said contract contained a portion, among other things, agreeing to insure household goods held in storage in a storage warehouse located at Rural Route No. 2, * * * Warren County, Ohio, against certain perils, one of these perils being loss occasioned by windstorm.

"Plaintiffs further say that on the 13th day of July, 1966, a windstorm severely damaged the building and its contents held in storage.

"Plaintiffs further say that they made demand for coverage reimbursing the owners of said property for the damage thereto as a result of the windstorm up to the amount of the policy limits of $20,000.00, from the defendant, Ohio Casualty Insurance Company.

"Plaintiffs further say that defendant, Ohio Casualty Insurance Company, denies coverage under said policy of the damage to property held in storage and denies any payment.

"Wherefore, plaintiffs pray for determination and declaration of their rights under the contract, if any, and

if said defendant, Ohio Casualty Insurance Company, be forced to perform under the contract in accordance with the agreement set forth therein to the extent of coverage afforded and for their costs herein."

Apparently, the policy of insurance was not attached to the amended petition.

The defendant, Frank Foster, filed an answer to the amended petition in which he "agrees that on the 13th day of July, 1966, a windstorm severely damaged the building of plaintiff, Herschel R. Kendrick, and the building contents held in storage." Further answering Frank Foster, for want of knowledge, denies all allegations in the amended petition.

The defendant, Insurance Company, timely filed its answer to the amended petition in which it admits Herschel R. Kendrick purchased a policy of insurance from it on November 12, 1964, and attached a copy of the policy to its answer. Further answering, it admits that on July 13, 1966, a windstorm damaged the building of the plaintiff, Herschel R. Kendrick, and some of the contents held in storage, and then denies generally and specifically every other allegation contained in the amended petition.

On May 22, 1968, the Insurance Company filed a motion for summary judgment in its favor against the plaintiffs and the other defendants, and each of them, "for the reason that there is no genuine issue as to any material fact and upon the pleadings and the exhibits, this defendant is entitled to judgment as a matter of law."

Counsel for the Insurance Company and Kendrick presented oral arguments and briefs to the court, and on December 28, 1968, the court filed its written decision finding "the motion for summary judgment in favor of the defendant, Insurance Company, against the plaintiffs and the other defendants will be granted." In its journal entry docketed on August 28, 1969, the Court of Common Pleas, Warren County, stated "that under the terms of the policy of insurance between the said Herschel R. Kendrick and the Insurance Company, said Insurance Company would only be liable for any loss for which the plain-

tiff, Herschel R. Kendrick, the warehouseman, would be legally liable; * * * that the loss, which is the subject of this action, was, by the statement and admissions in the pleadings, due to a windstorm and that, by reason thereof, said Herschel R. Kendrick, warehouseman, was not legally liable to the persons storing articles in said warehouse, and is not legally liable to the plaintiffs * * *."

The plaintiffs, appellants herein, allege three grounds of error: (1) the court erred in granting the motion of Ohio Casualty Insurance Company for summary judgment; (2) irregularity in the proceedings of the trial court by which plaintiffs were prevented from introducing evidence and testimony and having a fair trial of their cause; and (3) the judgment is contrary to law.

The court will consider the assignments of error as they are listed.

The three assignments of error present the issue of whether the answers to the amended petition raise questions of fact which would prevent the granting of a summary judgment in favor of the defendants.

There are four basic allegations set forth in the amended petition: (1) the issuance of a contract or policy of insurance; (2) damage by windstorm during the time the policy was in effect; (3) presentation of claims to the Insurance Company; and (4) the denial of the claims and coverage by the Insurance Company.

A reading of the answer of the Insurance Company reveals that the first and second allegations in the amended petition are admitted by the Insurance Company which, then, denies the third and fourth allegations of fact. There are no affidavits, depositions or interrogatories present in the transcript of the proceedings before this court, either prior or subsequent to the filing of the motion for summary judgment.

When the answer of the Insurance Company denied the claims to it and denied the claims and coverage alleged in the amended petition, issues of fact were presented to the court. The plaintiffs were entitled to present evidence to show any conflict between various clauses of the con-

tract or policy of insurance, whether any ambiguities are in the contract or policy, to show the status of the parties at the time the policy of insurance was issued, whether any inconsistencies appear in the policy and such other relative matters as may be admissible.

"A motion for summary judgment should not be allowed if there is a genuine issue of material fact proper for trial. The duty of the court is to determine, not what the facts are but whether such an issue of fact exists, and all doubts as to the existence of such an issue must be resolved against the party moving for a summary judgment" *Bowlds* v. *Smith* (1961), 114 Ohio App. 21, paragraph six of the syllabus.

In the case of *Hamlin* v. *McAlpin* (1964), 175 Ohio St. 517, the court observed in paragraph two of the syllabus that:

"On motion for summary judgment, the burden of establishing that the material facts are not in dispute and that no genuine issue of facts exists is on the party moving for the summary judgment."

The policy of insurance is a two-page document. The first page or "face sheet" bears the number of the policy, the typed amounts involved, rates, premiums and coverage, signature of the agent, and other provisions. Certain forms listed as numbers 68, 205 and 18 were attached to the policy which, together with the main two pages of the contract, constitute the policy of insurance.

We are persuaded the pleadings herein do raise genuine issues of material facts which the plaintiffs are entitled to have determined by evidence before a judgment can be entered.

The judgment of the Court of Common Pleas of Warren County is reversed and this cause is remanded to that court for further proceedings according to law.

*Judgment reversed and cause remanded.*

SHANNON, P. J., and HILDEBRANT, J., concur,